IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SHAREEF CHILDS,

                  Plaintiff,

v.

HANNAH RUDOLPH,

                  Defendant.

ORDER

22-cv-572-jdp

---

    Plaintiff Shareef Childs, without counsel, is proceeding to trial on First and Eighth Amendment claims against Hannah Rudolph, who Childs says called him a snitch in front of other inmates and fabricated a conduct report against him for filing grievances against her. I dismissed other defendants from the case after granting their motion for summary judgment. Dkt. 54. Childs seeks reconsideration of my ruling dismissing some of his claims against one of those defendants, Heidi Mellenberger. Dkt. 58. I will deny this motion.

    Mellenberger was a unit manager who denied Childs's requests to be placed in protective custody after he complained about Rudolph calling him a snitch and receiving threats and after he complained about Rudolph fabricating a conduct report against her. Childs seeks reconsideration on both his First and Eighth Amendment claims against Mellenberger.

    I'll start with his Eighth Amendment claim. Childs contends that there are disputed material facts over whether Mellenberger turned a blind eye to the danger facing him at the hands of other inmates. But as I explained in my summary judgment order, because Childs was never actually attacked by another inmate, Seventh Circuit caselaw squarely prohibits his claim for only psychological injuries from the fear of being attacked by other inmates. Dkt. 54, at 12 (citing *Babcock v. White*, 102 F.3d 270, 272 (7th Cir. 1996) ("it is the reasonably preventable

assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment")).

As for his First Amendment retaliation claim against Mellenberger, Childs seems to argue that I resolved disputed issues of fact against him. Childs notes that Mellenberger responded to requests for admissions and interrogatories by stating that she hadn't spoken with Childs about being called a snitch, but then changed her story in her declaration to say that she did speak with Childs about the snitch remark. *See* Dkt. 44, at 3. But the discrepancy between Mellenberger's discovery responses and her declaration is not material: in considering defendants' motion for summary judgment, I credited Childs's version over Mellenberger's anyway—Childs could only succeed on his claims against Mellenberger if he indeed told her about Rudolph's misconduct.

But Childs telling Mellenberger about Rudolph's misconduct is not sufficient for him to succeed on a retaliation claim against Mellenberger. As I stated in my summary judgment order, Mellenberger is not liable under a retaliation theory just because she is the supervisor of someone who retaliated against him. Childs still needed to present evidence raising a reasonable inference that Mellenberger knew that Rudolph was retaliating against Childs and turned a blind eye to it. But the only reasonable inference from the parties' evidence—in particular the evidence that Rudolph was not alone among officers in frequently reprimanding Childs—was that Mellenberger simply didn't believe that Rudolph had called him a snitch and didn't think that she fabricated conduct reports against him. Even if Mellenberger was incorrect about this, that doesn't mean that she is liable under a First Amendment retaliation theory. Nothing in Childs's motion for reconsideration persuades me that this analysis was incorrect. So I will deny his motion for reconsideration.

2

Childs also renews his motion for the court's assistance in recruiting him counsel. Dkt. 59. The only reasons that Childs gives for needing counsel—a lack of legal knowledge and experience and limited law library time—are commonplace to virtually all unrepresented prisoners bringing a case to trial. Childs's submissions thus far do not suggest that his abilities are below those of other prisoners who conduct trials themselves in this court. Nor are his claims particularly complex. I will deny this renewed motion, again without prejudice.

ORDER

IT IS ORDERED that:

1. Plaintiff Shareef Childs's motion for reconsideration, Dkt. 58, is DENIED.

2. Plaintiff's renewed motion for the court's assistance in recruiting him counsel, Dkt. 59, is DENIED without prejudice.

Entered March 12, 2024.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge